Submitted on record May 10, 1972, argued March 6,
accused reprimanded March 23, 1973

IN RE COMPLAINT AS TO THE CONDUCT OF
## WILLIAM H. HUBERT, ACCUSED.
507 P2d 1141

*Edwin J. Petersen,* Portland, argued the cause and
filed a brief for the accused.

*John J. Higgins,* Portland, argued the cause for
the Oregon State Bar. With him on the brief was
Garry R. Bullard, Portland.

PER CURIAM.

This is a disciplinary proceeding in which the
accused is charged with knowingly and wilfully mis-

representing to the trial court the amount of money which he received as a fee from his client. The alleged misrepresentation was made under the following circumstances.

■ ■ In the course of a pendente lite hearing in a divorce proceeding, Judge Harlow Lenon indicated that he would require the husband (who was represented by the accused) to pay $300 towards the wife's attorney's fees. The accused asserted that each party had sufficient liquid assets to pay his own attorney's fees. Judge Lenon then asked the accused how much he had already received from his client. He replied that he had been paid $100. Counsel for the wife was asked the same question and he replied that he too had received $100.

At the time this colloquy with Judge Lenon took place, the accused had in fact received $1,160 in fees from his client and had mailed a bill to his client for an additional fee of $872.50. After this discussion took place, Judge Lenon decided that each party would be obligated to pay his own attorney's fees.

The accused asserts that he did not intentionally represent to the court that he received only $100. Although accused may have inadvertently misstated the amount of the fee he had received, he admitted that the error was called to his attention soon after it was made. The evidence establishes that immediately following the hearing and while still in the courthouse, Mr. Hubert's client brought to his attention the fact that the representation made to the court was not true. The accused made no effort thereafter to inform the court of the falsity of the statement.

An attorney, as an officer of the court, should "* * * never seek to mislead the court or jury by any

artifice or false statement of law or fact." ORS 9.460 (4). It is clear that a misrepresentation of facts made by an attorney to a judge constitutes a ground for disciplinary action.[1]

The trial committee found accused guilty of knowingly and wilfully making a misrepresentation to the court and recommended that he be disciplined by private reprimand. The Board of Governors found the accused not guilty of the charge and recommended that the complaint be dismissed.

We agree with the trial committee's finding that the accused was guilty of unprofessional conduct.

This opinion will serve as a reprimand to the accused.

---

[1] In re James E. Brant, 242 Or 562, 410 P2d 824 (1966); State ex rel Joseph v. Mannix, 133 Or 329, 288 P 507, rehearing denied 290 P 745 (1930).