Submitted on record May 18, accused suspended August 1, 1974

IN RE COMPLAINT AS TO THE CONDUCT OF
### EARL M. PRESTON, *Accused.*
524 P2d 59

PER CURIAM.

This is a disciplinary proceeding. The accused attorney is an Assistant Attorney General and represents the State Accident Insurance Fund. The bar charged the accused with making false statements to a hearings officer and opposing counsel.

The parties stipulated to the basic facts.

In a workmen's compensation hearing a subpoenaed witness for the Accident Fund failed to appear. Counsel for the parties agreed upon six written interrogatories to be submitted to the witness. The accused sent the interrogatories to the witness. On March 16th the witness returned the answered interrogatories to the accused. According to the accused, the answers materially differed from a statement the witness previously had given. The accused sent an investigator to talk with the witness and seek to obtain different answers.

On April 5th the hearings officer before whom the case was pending wrote the accused and asked when the answers to the interrogatories could be expected. On April 14th the accused wrote the hearings officer:

"To date no reply has been received. We have contacted Mrs Young [the witness] on numerous occasions and she has informed us that the form is sitting there and she will answer it right away."

The accused knew these statements were false. The accused sent a copy of this letter to counsel for claimant.

On April 26th counsel for the claimant called the accused and asked what had happened to the answers to the interrogatories. The accused replied that he had not received the answers although his office had made periodic inquiries of the witness. The accused knew these statements were false.

The Code of Professional Responsibility, approved

by the Oregon State Bar and adopted by the Oregon Supreme Court, provides:

"(A) A lawyer shall not:

"* * * * *.

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." DR 1-102.

DR 7-102 of the Code also provides:

"(A) In his representation of a client, a lawyer shall not:

"* * * * *.

"(5) Knowingly make a false statement of law or fact."

The accused admittedly violated these canons. The trial board was of the opinion that a private reprimand by the board was the appropriate discipline. We regard the accused's conduct as more serious. The practice of law is premised upon the truthfulness of all communications between all participants. The preservation of this ethic is essential for the public good as well as for the good of the legal profession.

We are of the opinion that the accused's conduct requires that he be suspended for six months. Because of the accused's misconduct the Attorney General suspended his appointment as an Assistant Attorney General for 60 days. This terminated his income for this period. This 60-day period shall be applied to the six-months' suspension, leaving four months' suspension remaining.

In imposing only a six-months' suspension we have considered that there is no evidence that the accused has committed any other unethical acts during his 20 years as Assistant Attorney General. He has fully admitted both the acts and the wrongfulness of his conduct.

On the other hand, we deem the conduct of the accused to be more flagrant than that of the accused in *In Re Hubert,* 265 Or 27, 507 P2d 1141 (1973), and, therefore, have imposed a period of suspension rather than a public reprimand as we did in that case.